UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMAD HADI SEMATI, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 10-1690(RMC) |
| ALEJANDRO MAYORKAS, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

On October 4, 2010, Mohammad Hadi Semati filed this suit seeking a writ of mandamus requiring Alejandro Mayorkas, Director of the U.S. Citizenship and Immigration Services, and Janet Napolitano, Secretary of the Department of Homeland Security, to adjudicate his Application for Employment Authorization (Form I-765). Pet. for Mandamus [Dkt. # 1]. Mr. Semati also filed a motion for preliminary injunction seeking the same relief. Mot. for Prelim. Inj. [Dkt. # 2]. Mr. Semati is represented by counsel.

On October 12, 2010, Defendants moved to dismiss this case as moot because the Application for Employment Authorization had been adjudicated; the application was denied. *See* Defs.' Mot. to Dismiss [Dkt. # 4], Ex. A (Defendants' Oct. 12, 2010, letter to Petitioner denying application).

A motion to dismiss for mootness is properly brought under Federal Rule of Civil Procedure 12(b)(1). *Flores v. District of Columbia*, 437 F. Supp. 2d 22 (D.D.C. 2006). That rule imposes on the Court "an affirmative obligation to insure that it is acting within the scope of its

jurisdictional authority." *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 5 (D.D.C. 2004). Under the Constitution, federal courts are limited to deciding "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "Even where the litigation posed a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (citations and internal quotation marks omitted). While the movant has the burden of proving mootness, a plaintiff must defend a motion to dismiss, brought under Rule 12(b)(1), by proving by a preponderance of the evidence that the court has jurisdiction to hear its claims. *Am. Fed. Of Gov't Employees, AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143 (D.C. Cir. 2003).

Here, Mr. Semati had not defended by showing that the Court has jurisdiction to hear his claim. In fact, Mr. Semati has not responded at all to Defendants' motion to dismiss. Local Civil Rule 7(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 14 days of the date of service of the motion. LCvR 7(b). If the opposing party fails to do so, the court may treat the motion as conceded. *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997). Thus, the Court will grant Defendants' motion to dismiss as conceded.

Accordingly, Defendants' motion to dismiss this case as moot [Dkt. # 4] will be granted. Petitioner's request for writ of mandamus [Dkt. # 1] and motion for preliminary injunction [Dkt. # 2] will be denied. This case will be dismissed. A memorializing Order accompanies this Memorandum Opinion.

Date: November 4, 2010                  /s/
ROSEMARY M. COLLYER
United States District Judge